IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VERNON W. OFFICER,<br><br>**Plaintiff,**<br><br>v.<br><br>RICK W. ABELL, THOMAS SIMPSON, LEN HARRIS, and JOHN SCHNEIDER,<br><br>**Defendants.** | Case No. 3:24-CV-02689-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Vernon W. Officer, proceeding *pro se*, filed this action alleging that Defendants took over his property and changed his locks, refused to pay any rent money, and failed to pay utilities. (Doc. 3, p. 5). He also alleges that he received a letter from the City of Cairo and Defendants Rick W. Abell, Thomas Simpson, Len Harris, and John Schneider threatening him with prison if he went on the property. (*Id.* at pp. 5-7). These actions allegedly destroyed his quality of life, liberty, and his pursuit of happiness and forced him into poverty. (*Id.* at p. 5).

The matter is now before the Court on Officer's Motion for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. 4). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting his inability to pay the fees, the nature of the action, and the affiant's

belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Here, the Court is satisfied from Officer's affidavit that he is indigent. Officer asserts that he used to receive $418 per month for disability through a veteran's program but stopped receiving that payment once he signed up for food stamps in Illinois. (Doc. 4). Officer states that he worked for one month after he signed up for food stamps. (*Id.*). He alleges that he made $8,000, but bought a condemned home and, then, got laid off. (*Id.*). As to his assets, Officer lists $7.65 in his bank account, a few salvaged vehicles, and some tools. (*Id.*). Officer claims that he owes thousands of dollars in credit card debt and pays $260 in monthly utilities. (*Id.*). Based on the provided financial information, the Court finds that Officer is indigent under 28 U.S.C. § 1915(a)(1), and thus, his Motion for Leave to Proceed IFP (Doc. 4) is granted.

Because Officer has been permitted to proceed without prepayment of the filing fee, the Court must now screen Officer's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss the Complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, the next step is to examine the allegations in the Complaint.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). The undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Officer alleges that he recently purchased property in Cairo, Illinois. (Doc. 3, p. 5). After he attempted to live on this property, he received a letter from the City of Cairo and its officials claiming that he was trespassing on its land. (*Id.*). The letter threatened civil and criminal penalties if he did not leave the premises. (*Id.*). Officer claims he was forced off his land, so he sent the City of Cairo a bill in the amount of $50,000 for rent of the property, which it refused to pay. (*Id.*).

From the attachments to the Complaint, it appears that Officer purchased property in Cairo from Cheap Home Finders, Inc. for $3,045.00 in May 2024. (*Id.* at pp. 17, 26-27,

38). The property conveyed is listed as: 35 feet of Lot 15, Lots 16, 17 and 18 in Block 4 in the City of Cairo, situated in the County of Alexander and State of Illinois, and the 15 feet of the North side Lot 15, all of Lots 16 through 18 in Block 4, Railroad Addition, City of Cairo, situated in the County of Alexander and State of Illinois with permanent parcel numbers 12-25-402-005 and 12-25-402-006. (*Id.* at pp. 16, 17, 20-21, 26, 28, 30, 32, 34, 45, 47, 49, 51, 61-64). The City of Cairo, through its officials, claims to have owned the land since 1963 and warned Officer that he is trespassing on its property, which has been openly utilized as a wastewater treatment facility and lift station for over 50 years. (*Id.* at p. 6). From the attached documentation, Officer appears to claim ownership of the property through a quitclaim deed, and the City of Cairo claims ownership through a warranty deed. (*Id.* at pp. 6-7, 9-18, 20-36, 40-43, 45-49, 50-73).

Construed generously, Officer may be attempting to assert a Fifth Amendment Takings Clause claim, but his allegations demonstrate nothing more than a property dispute between himself and the City of Cairo. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. amend V. This clause is incorporated to the States through the Fourteenth Amendment. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). To state a federal civil rights claim under 42 U.S.C. § 1983 for a violation of the Fifth Amendment's Takings Clause, a plaintiff must allege that a state or government actor deprived him of a protected property interest without just compensation. *See Knick v. Township of Scott, Pa.*, 588 U.S. 180, 185 (2019). A direct government appropriation or physical invasion of private property is "[t]he paradigmatic taking requiring just

compensation." *Lingle*, 544 U.S. at 537. Officer's Complaint does not sufficiently allege that Defendants took his property for public use without just compensation, rather his allegations describe a property dispute where the City of Cairo claims ownership of the property and so does Officer. As such, Officer's claims are not properly brought under the Fifth Amendment in a federal suit. Instead, the allegations describe a dispute as to land ownership and interest in title to the subject property based on competing deeds, which is rooted in state and local law. As no constitutional violation is alleged, Officer does not state a federal claim under 42 U.S.C. § 1983. Thus, no federal question jurisdiction exists over Officer's claims. *See* 28 U.S.C. § 1331.

The Complaint also does not establish a basis for diversity jurisdiction. District courts can exercise diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. First, the Court doubts that the amount in controversy exceeds $75,000, exclusive of interest and costs, when Officer paid $3,045 for the disputed property, despite the amount of requested damages upwards of $100,000. Second, there appears to be a lack of diversity between Officer and Defendants—all of whom are City of Cairo officials. Citizenship for natural persons is determined by their domicile—meaning their place of physical presence and where they intend to remain indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). While the Complaint lacks all the necessary information to properly assess diversity jurisdiction, Officer claims to own property in Cairo, Illinois, he is attempting to live and remain on that property, and he signed up for food stamps in Illinois. Thus, the Court finds it likely Officer is a citizen of Illinois. Further,

as Defendants are various officials in Cairo, Illinois, they are likely also citizens of Illinois for diversity purposes. As such, complete diversity is probably lacking. Either way, the Complaint does not properly establish diversity jurisdiction at this time.

Plaintiff Vernon Officer's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **GRANTED**. But for the reasons outlined above, Officer's Complaint (Doc. 3) is **DISMISSED without prejudice** for lack of jurisdiction. As such, Officer's Motion to Change from Trial by Jury to Trial by Judge (Doc. 6), Motion for Fast and Speedy Trial (Doc. 7), Motion to Not Seal this Civil Rights Case or Any of its Proceeding from the Public Permanently (Doc. 8), and Motion to Change to Trial by Jury to Trial by Judge (Doc. 9) are all **DENIED as moot.**

If he can reasonably do so given the deficiencies outlined above, Officer is permitted to amend his Complaint. If he amends his Complaint, Officer must provide a proper basis to invoke the Court's jurisdiction. The Court encourages him to review the resources for *pro se* litigants, available at https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court urges Officer to review the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court. If Officer chooses to amend his Complaint, he should do so on or before **July 14, 2025**. Failure to do so will result in the dismissal of this action.

**IT IS SO ORDERED.**

DATED:   June 12, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**